IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAHAMON ROBERTS,** : | |
|     **Plaintiff** : | |
| : | No. 1:21-cv-00958 |
|     v. : | |
| : | (Judge Kane) |
| **J. LUTHER, et al.,** : | |
|     **Defendants** : | |

**MEMORANDUM**

Before the Court is Defendants' motion to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff Rahamon Roberts ("Plaintiff")'s failure to prosecute. (Doc. No. 38.) For the reasons set forth below, the Court will grant the motion and direct the Clerk of Court to close this case.

**I.     BACKGROUND**

Plaintiff is a former inmate of the Pennsylvania Department of Corrections ("DOC"). (Doc. No. 1.) During the pendency of this litigation, he was released from DOC custody. (Doc. No. 37.) Based upon Plaintiff's most recent filing, however, it appears that he has been re-incarcerated and is currently confined at Erie County Prison in Erie, Pennsylvania. (Doc. No. 43.)

On May 27, 2021, while Plaintiff was still in DOC custody, he commenced the above-captioned action by filing a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting that his constitutional rights were violated while he was incarcerated at State Correctional Institution Smithfield ("SCI Smithfield") in Huntingdon, Pennsylvania. (Doc. No. 1.) Plaintiff's complaint names as Defendants the following individuals, all of whom worked at SCI Smithfield: Superintendent J. Luther ("Luther"); Restricted Housing Unit ("RHU") Manager N. Goss ("Goss"); Lieutenant Wiser ("Wiser"); Sergeant Rauch ("Rauch");

and Corrections Officers Durst, Fleck, Low, Bickert, Sheets, Webb, and Frock (collectively, "Defendants").[1]  (Id.)  In addition, Plaintiff's complaint asserts Eighth Amendment claims based upon (1) the alleged use of excessive force by Defendants Wiser, Rauch, Sheets, Webb, Fleck, Durst, Low, Bickert, and Frock and (2) the alleged failure of Defendants Luther and Goss to take any corrective action against such use of force.  (Id.)  For relief, Plaintiff seeks compensatory and punitive damages, declaratory relief,[2] and any other relief to which he is entitled.  (Id.)

On June 23, 2021, the Court deemed Plaintiff's complaint filed and directed the Clerk of Court to serve, inter alia, a copy of his complaint on Defendants.  (Doc. No. 6.)  In the interest of efficient administrative judicial economy, the Court requested that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  (Id.)  On July 26, 2021, Defendants returned the waiver of service (Doc. No. 8), and, on August 19, 2021, they filed a motion to dismiss Plaintiff's complaint, along with a supporting brief (Doc. Nos. 9, 10).

On November 10, 2021, the Court granted in part and denied in part Defendants' motion to dismiss.  (Doc. Nos. 11, 12.)  Specifically, the Court granted the motion with respect to Plaintiff's claims for declaratory relief and for damages against Defendants in their official capacities.  (Id.)  The Court denied the motion, however, with respect to Plaintiff's Eighth

---

[1] Although Plaintiff named Defendant Webb in the caption of his complaint, Defendant Webb was not initially added as a Defendant to the docket in this case.  In addition, although Plaintiff did not name Defendant Sheets in the caption of his complaint, the body of his complaint indicates that he intended to proceed with this action against him.  As a result, the Court previously directed the Clerk of Court to add Webb and Sheets as Defendants to the docket of this case.  (Doc. No. 12.)

[2] While Plaintiff seeks declaratory relief, he is no longer incarcerated at SCI Smithfield.  And, as previously explained by the Court, his complaint does not allege facts from which the Court could reasonably conclude that he will again be incarcerated at SCI Smithfield under the conditions alleged in his complaint.  See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (explaining that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims").

2

Amendment claims against Defendants. (Id.) As a result, Defendants were directed to file an answer to Plaintiff's complaint within fourteen (14) days. (Id.)

Defendants Luther, Goss, Wiser, Rauch, Fleck, Low, Bickert, Frock, and Durst filed an answer and affirmative defenses on November 24, 2021 (Doc. No. 13), followed by Defendants Sheets and Webb's joinder to the answer and affirmative defenses (Doc. No. 15). The parties then engaged in discovery. (Doc. Nos. 16, 23.) Particularly relevant here, on December 20, 2022, Defendants filed a motion to take Plaintiff's deposition, along with a supporting brief. (Doc. Nos. 25, 26.) The Court granted Defendants' motion and authorized Defendants to take Plaintiff's deposition at a time agreeable to the prison administration at the institution where Plaintiff was then-incarcerated. (Doc. No. 27.)

Following discovery, and after receiving an extension of the dispositive motions deadline (Doc. Nos. 35, 36), Defendants filed the instant motion to dismiss this action based upon Plaintiff's failure to prosecute (Doc. Nos, 38, 39). In support, Defendants argue that Plaintiff has failed to keep them informed of his mailing address and failed to discharge his obligations during his deposition. (Id.) In response to Defendants' motion, the Court directed Plaintiff to show cause, on two (2) separate occasions, as to why this action should not be dismissed for his failure to prosecute. (Doc. Nos. 41, 44.)[3] As reflected by the Court's docket, however, Plaintiff has neither shown such cause nor sought an extension of time in which to do so. In addition, Plaintiff has not filed any response to Defendants' pending motion to dismiss. Thus, Defendants' motion is ripe for the Court's resolution.

---

[3] The first show cause Order was returned to the Court as undeliverable. (Doc. Nos. 41, 42.) However, because Plaintiff subsequently submitted a filing to the Court, which listed an updated return address on the envelope (Doc. No. 43), the Court issued a second show cause Order and directed the Clerk of Court to mail that Order to Plaintiff at his new address (Doc. No. 44).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]" See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution" (citation, internal citation, and internal quotation marks omitted)).

When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must consider and balance the six (6) factors set forth by the Third Circuit in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868–70. However, no single factor is dispositive, and not all of these factors must be satisfied in order for the Court to dismiss an action. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint'" (quoting Mindek, 964 F.2d at 1373)).

III.     DISCUSSION

Defendants have filed a motion to dismiss this action based upon Plaintiff's failure to prosecute. (Doc. No. 38.) They have filed their motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and they have addressed the Poulis factors outlined above in connection with Plaintiff's failure to keep them informed of his mailing address and Plaintiff's failure to discharge his obligations during his deposition. (Doc. Nos. 38, 39.) Defendants note that, during Plaintiff's deposition on February 7, 2023, he testified that he would "max" his sentence out on February 26, 2023, and that he would then be returning "[b]ack to Erie, PA[,]" where he would be staying with his mother, "Magdalena." (Doc. No. 38 at 2–3.) Defendants argue, however, that when Plaintiff was asked to provide additional information to enable them to correspond with him following his release from DOC custody, Plaintiff refused to provide such information. (Id. at 3.) Given Plaintiff's refusal to provide responses to the deposition questions, Plaintiff was cautioned by defense counsel that such refusals could risk dismissal of this action for his failure to prosecute. (Id. at 4.) Defendants contend that, although defense counsel continued to attempt to elicit testimony from Plaintiff, he persisted in refusing to answer any questions, and, instead, he repeatedly used the phrase, "See the Complaint." (Id. at 5–6.) As a result, upon conclusion of Plaintiff's deposition, defense counsel advised Plaintiff that Defendants would seek dismissal of this action based upon his refusal to answer the questions during his deposition.[4] (Id.)

---

[4] Defendants have submitted a copy of Plaintiff's deposition to the Court. (Doc. No. 39 at 8–43.) As reflected by nearly all of Plaintiff's answers in his deposition, the only response that he gave defense counsel was "See the Complaint." (Id. at 4–33.) Plaintiff, effectively, refused to answer defense counsel's questions, despite the Court Order authorizing Plaintiff's deposition.

Plaintiff, as discussed above, has not filed a response to Defendants' motion to dismiss. Thus, under the Court's Local Rules, Plaintiff is deemed not to oppose the relief that Defendants seek therein. See M.D. Pa. L.R. 7.6 (providing that "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion[,]" and further providing that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion"). In addition, Plaintiff has not filed a response to the Court's show cause Orders (Doc. Nos. 41, 44) or, alternatively, sought an extension of time in which to do so.

Nevertheless, the Court has conducted an independent and thorough review of this matter. Having done so, the Court concludes that the Poulis factors weigh in favor of dismissing Plaintiff's claims against Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court addresses each Poulis factor in turn.

### A. Extent of the Party's Responsibility

As to the first factor, extent of the party's responsibility, Defendants argue, and the Court agrees, that Plaintiff is a self-represented litigant, and, thus, it is his personal responsibility to litigate this action. See Briscoe, 538 F.3d at 258; Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010). As explained by the United States Court of Appeals for the Third Circuit ("Third Circuit"), "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." See Briscoe, 538 F.3d at 258–59 (citation and emphasis omitted).

Here, the Court finds that Plaintiff has failed to engage in the discovery process with Defendants by refusing to answer questions at his deposition (Doc. No. 39 at 8–38), failed to notify defense counsel and the Court of his updated mailing address on numerous occasions (Doc. Nos. 34, 37, 42), and failed to respond to the Court's show cause Orders (Doc. Nos. 41, 44).  Thus, Plaintiff, who has been a self-represented litigant at all times during this litigation, is personally responsible for such inaction in this case.  The Court concludes, therefore, that this first factor, the extent of the party's responsibility, weighs heavily in favor of dismissal of Plaintiff's claims against Defendants.

### B.     Prejudice to the Adversary

When examining the second Poulis factor, prejudice to the adversary, the Court must consider whether Plaintiff's lack of prosecution prejudices Defendants.  "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted).  Prejudice, however, "is not limited to irremediable or irreparable harm.  It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  See id. (citations and internal quotation marks omitted).  For instance, the Third Circuit has "construed prejudice to include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary[.]"  See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003) (citation omitted); Poulis, 747 F.2d at 868 (concluding that the district court's finding of prejudice to the defendant was "supported by the record" where "[t]he interrogatories were never answered nor were objections filed[, and] defense counsel was obliged to file a motion to compel

answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first").

Here, Defendants were forced to devote time and resources, and incur expenses, in preparing for and participating in Plaintiff's deposition on February 7, 2023. See, e.g., (Doc No. 39 at 4 (asserting that such time and resources are "scarce" in the Pennsylvania's Office of Attorney General and that, to make matters worse, defense counsel had other pending obligations in a federal civil jury trial the week immediately following Plaintiff's deposition): id. at 44 (containing the invoice from the court reporter for the cost of Plaintiff's deposition)). In addition, Plaintiff's failure to participate in his deposition and answer questions about this case has deprived Defendants of the opportunity to examine the factual basis for his claims and, thus, has impaired their ability to prepare a defense.

Moreover, Plaintiff has failed, on numerous occasions, to notify defense counsel and the Court of an updated mailing address, which is required under the Court's Local Rules. See M.D. Pa. L.R. 83.18 (providing that, "[w]henever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party"); see also (Doc. Nos. 34 (returning mail, which was previously sent to Plaintiff, as undeliverable); 37 (same); 42 (same)). Plaintiff's failure to communicate with defense counsel and the Court thwarts and delays resolution of his claims against Defendants. And, going forward, Plaintiff's lack of communication would prejudice Defendants because, without it, Defendants will be unable to prepare a defense or seek a timely resolution of this case.

Thus, for all of these reasons, the Court concludes that Plaintiff's lack of prosecution in this action has resulted in prejudice to Defendants. See Ware, 322 F.3d at 222–24 (providing that noncompliance with discovery requests and orders can result in prejudice to a defendant). Accordingly, this second factor, prejudice to the adversary, weighs heavily in favor of dismissal of Plaintiff's claims against Defendants.

### C.  History of Dilatoriness

Examining the third Poulis factor, history of dilatoriness, the Court observes that Plaintiff has failed to engage in the discovery process with Defendants by refusing to answer questions at his deposition (Doc. No. 39 at 8–38), failed to notify defense counsel and the Court of his updated mailing address on numerous occasions (Doc. Nos. 34, 37, 42), and failed to respond to the Court's show cause Orders (Doc. Nos. 41, 44). In addition, Plaintiff has not filed any response to Defendants' instant motion to dismiss and, therefore, is deemed not to oppose that motion. See M.D. Pa. L.R. 7.6. Thus, the Court finds, as a preliminary matter, that Plaintiff's failures suggest his intent not to continue with this litigation.

That being said, however, the Court also recognizes that "a history of dilatoriness" is generally demonstrated through "extensive or repeated delay or delinquency[.]" See Hildebrand v. Allegheny County, 923 F.3d 128, 135 (3d Cir. 2019). Moreover, "[w]hile extensive delay may weigh in favor of dismissal, a party's problematic acts must be evaluated in light of its behavior over the life of the case." See id. (citation and internal quotation marks omitted). Indeed, such delay can be mitigated by the time during which the party litigates the case responsibly. See id. (showing by way of example that, because the plaintiff in Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863 (3d Cir. 1994) "had litigated the case responsibly for ten years prior to the hiatus, the delay was somewhat mitigated and weighed

9

toward, but did not mandate, dismissal" (citation, internal quotation marks, and alterations omitted)).

Thus, while the Court recognizes Plaintiff's failures as described above, the Court cannot say that Plaintiff's dilatoriness is so extensive or repetitive as to weigh in favor of dismissal. See Hildebrand, 923 F.3d at 135 (stating that "[m]ost cases where the court found a history of dilatoriness involved repeated delay[,]" and citing Ware, 322 F.3d at 224, wherein "plaintiffs failed repeatedly to provide a damages calculation over a five-year period[,]" and Emerson, 296 F.3d at 191, "where plaintiff made multiple requests for stays and failed to meet deadlines"). This is especially true where, as here, Plaintiff has, at certain points during this action, litigated his case responsibly.

Accordingly, for all of these reasons, the Court finds that, while Plaintiff's failures to engage in the discovery process, communicate with opposing counsel and the Court, and respond to the Court's show cause Orders suggests Plaintiff's intent not to continue with this litigation, these failures have been somewhat recent. Thus, the Court finds that this third factor, history of dilatoriness, is neutral as it neither weighs in favor of nor against dismissal of Plaintiff's claims against Defendants.

### D. Willful or Bad Faith

The Court next evaluates the fourth Poulis factor and, specifically, whether Plaintiff's conduct was willful or in bad faith. Defendants argue (Doc. No. 39 at 5), and the Court agrees, that Plaintiff's conduct can be appropriately described as willful. As explained above, Plaintiff refused to answer questions during his deposition despite the Court's Order authorizing that deposition and despite defense counsel having warned Plaintiff of his intent to seek dismissal of this action based upon Plaintiff's refusal to answer such questions. In addition, Plaintiff has

failed to respond to the Court's show cause Orders and has also failed to respond to Defendants' instant motion to dismiss. The Court finds that Plaintiff's inaction is, at the very least, intentional. See Hildebrand, 923 F.3d at 135 (explaining that, under the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior" (citation and internal quotation marks omitted)); Gilyard v. Dauphin Cnty. Work Release, No. 1:10-cv-01657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010) (concluding that the "[p]laintiff's repeated dilatory conduct and failure to abide by court orders demonstrate a willful disregard for procedural rules and court directives"). Accordingly, for all of these reasons, the Court concludes that this fourth factor, willful or bad-faith conduct, weighs in favor of dismissal of Plaintiff's claims against Defendants.

### E. Effectiveness of Sanctions

Defendants have not addressed the fifth Poulis factor, the effectiveness of sanctions other than dismissal. See (Doc. No. 39). Nevertheless, the Court will address this factor. Although Plaintiff is proceeding pro se, he paid the full filing fee around the same time he filed his complaint. (Doc. No. 5.) As a result, a monetary sanction may be effective here. However, that being said, the Court also recognizes that Plaintiff refused to answer questions during his deposition despite the Court's Order authorizing that deposition and, further, Plaintiff has not responded to the Court's show cause Orders. Thus, it is equally plausible that he may not comply with any subsequent Court Orders imposing a monetary sanction against him. Accordingly, the Court concludes that this fifth factor, effectiveness of sanctions, is neutral, as it neither weighs in favor of nor against dismissal of Plaintiff's claims against Defendants.

### F. Meritoriousness of the Claim

Lastly, regarding the sixth Poulis factor, meritoriousness of the claim, the Court observes that a claim is considered meritorious when the allegations in the complaint, if they were to be established at trial, would support recovery by the plaintiff. See Poulis, 747 F.2d at 869–70. As a result, in order to the determine whether a party's claims are potentially meritorious, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Briscoe, 538 F.3d at 263.

Here, Defendants initially filed a motion to dismiss the complaint under Rule 12(b)(6), which the Court granted in part and denied in part. (Doc. Nos. 9 through 12.) In particular, the Court permitted Plaintiff to proceed on his Eighth Amendment claims against Defendants. (Doc. Nos. 11, 12.) A fortiori, Plaintiff's Eighth Amendment claims have some merit. However, even recognizing that Plaintiff's claims have some merit, the Court ultimately finds that the true merit of his claims cannot be appropriately determined without discovery, and most importantly, without Plaintiff's sworn testimony regarding the factual basis for his claims. Accordingly, while the Court concludes that the sixth factor, meritoriousness of Plaintiff's claims, weighs slightly against dismissal, it is of minimal significance to the Court.

### G. Conclusion

Upon consideration and balancing of all of the Poulis factors, the Court concludes that Plaintiff's failure to engage in the discovery process by refusing to answer questions at his deposition (Doc. No. 39 at 8–38), failure to notify defense counsel and the Court of his updated mailing address on numerous occasions (Doc. Nos. 34, 37, 42), failure to respond to the Court's show cause Orders (Doc. Nos. 41, 44), and failure to respond to Defendants' instant motion to dismiss, see M.D. Pa. L.R. 7.6, demonstrate his lack of prosecution, warranting dismissal of this

action under Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, while Plaintiff's claims, if proven at trial, may have some merit, this Poulis factor alone is not dispositive. See Hildebrand, 923 F.3d at 132 (explaining that "[n]one of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution" (citation omitted)); Briscoe, 538 F.3d at 263 (stating that "no single Poulis factor is dispositive . . . [and it is] clear that not all of the Poulis factors need be satisfied in order to dismiss a complaint" (citations and internal quotation marks omitted)). Thus, for all of the foregoing reasons, the Court will dismiss Plaintiff's surviving Eighth Amendment claims against Defendants with prejudice. See Hildebrand, 923 F.3d at 132 (explaining that dismissal with prejudice is a drastic sanction that must be used as a last resort, but also recognizing that, in appropriate cases, dismissal is "a sanction rightfully in the district courts' toolbox . . . ").

## IV. CONCLUSION

Accordingly, the Court will grant Defendants' motion to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to prosecute. (Doc. No. 38.) An appropriate Order follows.

                                         s/ Yvette Kane
                                        Yvette Kane, District Judge
                                        United States District Court
                                        Middle District of Pennsylvania